Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5830 | **DATE** | 6/29/2001 |
| **CASE TITLE** | Siegfried Lifanda vs. Elmhurst Dodge | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Class Certification (doc. #42)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Class Certification (doc. #42) is **GRANTED**.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 29 PM 1:16 | date mailed notice | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIEGFRIED LIFANDA, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELMHURST DODGE, )<br>Defendant. ) | CAUSE NO. 99C5830<br><br>JUDGE WILLIAM J. HIBBLER |

## MEMORANDUM AND OPINION

This Court now addresses Plaintiff's Motion for Class Certification of Count I of the Amended Complaint (doc. #42) pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff, Siegfried Lifanda, has filed an Amended Complaint alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226 et seq. For the reasons noted herein, the Plaintiff's Motion for Class Certification (doc. #42) is **GRANTED**.

### BACKGROUND

In October 1999, Defendant Elmhurst Dodge filed a motion to dismiss. Once the motion was fully briefed, this Court granted Defendant's motion in an Order dated December 28, 1999. Plaintiff appealed that Order, and the Seventh Circuit Court of Appeals subsequently reversed and remanded. Plaintiff subsequently filed the present motion for class certification.

With regard to motions for class certification, courts do not examine the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-178 (1974). When evaluating this motion, this Court must accept all well-pleaded allegations made in support of the motion for class certification as true. *Jefferson v. Sec. Pac. Fin. Servs., Inc.*, 161 F.R.D. 63, 66 (N.D. Ill. 1995); *Cornfield v.*

DOCKETED JUL 0 2 2001

1

*Consolidated High Sch. Dist. 230,* 991 F.2d 1316, 1324 (7th Cir. 1993). With these considerations in mind, the following recitation of the facts is derived from the plaintiff's Amended Complaint.

Plaintiff is suing Elmhurst Dodge, a car dealership that sold him a 1999 Dodge Caravan. Plaintiff purchased an Auto Theft Registration ("ATR") which was issued by United Security Systems, Inc. The ATR is a form of insurance against auto theft that promised to pay the consumer the lesser of $3,000 or the amount paid by his insurance company if his Dodge Caravan were stolen within three years from the date of purchase. Plaintiff argues that the charge for the ATR was improperly excluded from the finance charge and the annual percentage rate, and, therefore, violates 12 C.F.R. §§226.17-226.18. Plaintiff seeks to certify a class of individuals, all persons who signed a retail installment contract with Elmhurst Dodge on or after September 3, 1998, as part of a transaction in which they paid for the ATR, and the charge for the ATR was not included in the finance charge and annual percentage rate.

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff requests an order determining that Count I proceed as a class action against Defendant Elmhurst Dodge. Plaintiff asserts that he has met the requirements of Rule 23 of the Federal Rules of Civil Procedure. He further claims that a class action is the appropriate tool for the adjudication of this action. Defendant maintains that Plaintiff has failed to meet the requirements of Rule 23 and therefore, this Court should deny the motion for class certification. Defendant argues that the plaintiff's claims are not typical of the class. Furthermore, Defendant claims that Plaintiff is not an adequate representative of the class.

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Where a plaintiff seeks class certification, the court should not consider the merits of the case. *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 598 (7th Cir.1993). Plaintiffs seeking class certification bear

the burden of proving the action satisfies the four requirements of Rule 23(a), "the plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). "All of these elements are prerequisites to certification; failure to meet any one of these precludes certification as a class." *Retired Chicago Police Ass'n*, 7 F.3d at 596; *Harriston*, 992 F.2d at 703. Once the requirements of Rule 23(a) are met, then the plaintiff must satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). In this case, Plaintiff maintains that Rule 23(b)(3) applies, which "requires that questions of law or fact common to the class members predominate over questions affecting only individual members, and that a class action be superior to other available methods for the fair and efficient adjudication of the controversy." *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F. Supp. 1399 (N.D. Ill. 1996). Defendant claims that common issues of law or fact do not predominate, and that a class action is not the superior method of adjudication. Finally, Plaintiff bears the burden of establishing that class certification is proper. *Retired Chicago Police Ass'n*, 7 F.3d at 596.

### A. RULE 23(a)

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P 23(a)(1). The plaintiff must provide some evidence or reasonable estimate of the number of class members, however, if the plaintiff is unable to provide exact numbers, a good faith effort is sufficient to establish the number of class members. *Long v. Thorton Township High Sch. Dist. 205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). Defendant does not contest Plaintiff's assertion that the numerosity requirement is met. Therefore, this Court finds that the first requirement of Rule 23(a) is met.

3

## 2. Commonality

Rule 23(a)(2) requires that in order to sustain a class certification, questions of law or fact common to the class must be present. A "common nucleus of operative fact" is generally sufficient to satisfy this second requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). The fact that some factual variation exists between the class members' claims will not preclude certification. *Id.* at 1017. A common nucleus of operative fact is usually found where the defendant has engaged in some standardized conduct toward the proposed class members. *Chandler v. Southwest Jeep-Eagle, Inc.,* 162 F.R.D. 302, 307 (N.D. Ill. 1995) (citing *Franklin v. City of Chicago,* 102 F.R.D. 944, 949-950 (N.D. Ill. 1984)). As with the numerosity requirement, Defendant does not contest Plaintiff's assertion that the commonality requirement is satisfied. Therefore, this Court finds that the second requirement of Rule 23(a) is met.

## 3. Typicality

The issue of typicality is closely related to that of commonality. *Rosario,* 963 F.2d at 1018. A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citations and internal quotations omitted). Rule 23(a)(3) does not mandate that each proposed class member suffer the same injury as the class representative. *Rosario,* 963 F.2d at 1018; *De La Fuente,* 713 F.2d at 232. Typicality may be found even in instances where "there are factual distinctions between the claims of the named plaintiffs and those of the other class members." *De La Fuente,* 713 F.2d at 232. Instead we look to the defendant's conduct and the plaintiff's legal theory to satisfy Rule 23(a)(3). *Rosario,* 963 F.2d at 1018 (citing *De La Fuente,* 713 F.2d at 233). Courts in this Circuit have repeatedly held that "claims arising out of form contracts are particularly appropriate

4

for class action treatment." *Demitropoulos*, 915 F. Supp at 1418; *Cobb v. Monarch Finance Corp.*, 913 F. Supp. 1164 (N.D. Ill. 1995); *Haroco, Inc. v. American Nat'l. Bank & Trust Co.*, 121 F.R.D. 664, 669 (N.D. Ill. 1988). Furthermore, "'TILA requirements are enforced by imposing a sort of strict liability in favor of consumers who have secured financing through transactions not in compliance with the terms of the Act. It is strict liability in the sense that absolute compliance is required and even technical violations will form the basis for liability.'" *Hobson v. Lincoln Ins. Agency, Inc.*, No. 99-C5619, 2001 WL 648958 at *1 (N.D. Ill. June 7, 2001) (quoting *Rowland v. Magna Millikin Bank*, 812 F. Supp. 875, 875 (C.D. Ill. 1992)). Therefore, despite Elmhurst Dodge's objections concerning reliance, the relevant disclosures, and actual damages, this Court finds that Lifanda has satisfied the typicality requirement of Rule 23(a)(3).

### 4. Adequacy of Representation

The final prerequisite of Rule 23(a) is that the named plaintiff be an adequate representative of the class. Defendant maintains that Plaintiff lacks knowledge and interest in the class action. Defendant bases these contentions on the fact that Plaintiff was unaware exactly what his obligations were as a class representative, his lack of knowledge of the Truth in Lending Act, and his lack of preparation for his deposition. Defendant asserts that this lack of interest and knowledge demonstrates that Plaintiff is not a zealous protector of the interests of the absent class members. Rule 23(a)(4) mandates three elements for the adequacy of representation: (1) the class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the class representative must have a "sufficient interest in the outcome to ensure vigorous advocacy;" (3) counsel for the class representative must be competent, experienced, qualified and generally able to conduct the proposed litigation vigorously. *Chandler*, 162 F.R.D. at 308 (quoting *Riordan v. Smith*

*Barney,* 113 F.R.D. 60, 64 (N.D. Ill. 1986)). In this case, this Court is not persuaded by the fact that Plaintiff did not understand TILA. This lack of knowledge and understanding is insufficient to find this plaintiff to be an inadequate representative. Furthermore, this Court is not convinced that Plaintiff is not sufficiently monitoring the case, and that he has no incentive to pursue this lawsuit. Mr. Lifanda has not been awarded any judgment for this cause of action in his previous settlement; therefore, he has a definite interest in this lawsuit. Finally, Mr. Lifanda's counsel is qualified to conduct the litigation. Because this Court is of the opinion that Mr. Lifanda does not have antagonistic or conflicting claims, he has a sufficient interest in the outcome of the litigation, and his attorneys are qualified to conduct the litigation, it finds that the elements of Rule 23(a)(4) are met.

## B. RULE 23(b)

Plaintiff next proceeds under Rule 23(b)(3), claiming that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Defendant argues that Plaintiff cannot meet the standard set forth in Rule 23(b)(3) because individual questions of fact affect the putative class members, and also that class certification is not superior to the other available methods of litigation. "Considerable overlap exists between Rule 23(a)(2)'s commonality prerequisite and 23(b)(3). Rule 23(a)(2) requires that common issues exist; Rule 23(b)(3) requires that they predominate." *Demitropoulos,* 915 F.Supp. at 1419. Additionally, a finding of commonality will satisfy a finding of predominance. *Heastie v. Community Bank of Greater Peoria,* 125 F.R.D. 569, 577 (N.D. Ill. 1989). Like the Rule 23(a)(2) standard, issues are considered to predominate when there is a "common nucleus of operative fact" among all the class members. *Halverson v. Convenient Food Mart,* 69 F.R.D. 331, 335 (N.D. Ill. 1974). This Court is satisfied that actual damages do not defeat the predominance

6

requirement. TILA provides for statutory damages in a fixed amount in many types of cases. *Williams v. Rizza Chevrolet-Geo, Inc.*, No. 99-C2294, 2000 WL 263731 at *3 (N.D. Ill. March 6, 2000) (citing 15 U.S.C. § 1640(a)(2)); *see Hobson*, 2001 WL 648958 at *1 (citing *Clay v. Johnson*, 22 F. Supp.2d 832, 836 (N.D. Ill. 1998)) (finding that a plaintiff need not show she suffered any actual damages to recover statutory penalties). Actual damages, if claimed, are likely to be simple to measure. *Id.* (citing *Heastie*, 125 F.R.D. at 675). The possibility of individualized damage inquiries does not defeat class certification even if individual hearings ultimately may be required. *Id.* Therefore, the predominance requirement is satisfied.

This Court may consider a number of factors in order to determine whether a class action is the superior means of adjudication in this case. "These factors include the interest of individual members in individually controlling the litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Demitropoulos*, 915 F. Supp. at 1419. Defendant's claim that arbitration is a superior method is unjustified. As the Seventh Circuit held in *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Products Co., Inc.*, 969 F.2d 585, 587-589 (1992), submitting a case to this Court for decision, namely Defendant's previous Motion to Dismiss, is not consistent with a desire to arbitrate. Furthermore, plaintiffs will have an opportunity to opt out of the 23(b)(3) class; therefore, Defendant's concern with the small award to class members is irrelevant. In this case, this Court finds that a class action is the superior means of litigation because, (1) the number of possible litigants is not unmanageable; (2) it is possible that most members of the proposed class are unaware of their rights under TILA; thus it is unlikely that individuals will file suit to protect their rights; (3) the amount of damages to each individual is relatively small making it cost prohibitive for individuals to initiate individual suits to protect their

rights; and (4) efficiency favors one litigation rather than forcing individuals to litigate their own claims. *Cox v. Joe Rizza Ford, Inc.*, No. 94-C5688, 1996 WL 65994 at *11 (N.D. Ill. Feb. 9, 1996).

## CONCLUSION

For the reasons noted herein, this Court finds that Plaintiff has satisfied the requirements for class certification according to Rule 23; therefore, Plaintiff's Motion for Class Certification (doc. #42) is **GRANTED**.

**IT IS SO ORDERED.**
**DATED:** June 29, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE